FILED

2010 Jun-29  PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **JAMES KING,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:09-cv-312-CLS** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant James King commenced this action on February 18, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ failed to articulate good cause for rejecting the opinion of claimant's treating physician, made a credibility finding that was not supported by substantial evidence, and erred in failing to remand the case for consideration of additional evidence. Upon review of the record, the court concludes that these contentions are without merit.

## A.     Treating Physician's Opinion

First of all, the court concludes that the ALJ properly considered the assessment of Dr. Kenneth Collins, claimant's treating physician. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*.

On November 28, 2007, Dr. Collins completed a "Request for Medical Information - Work Requirements" form on plaintiff's behalf, for submission to the

State of Alabama Department of Human Resources Food Stamp Program.  On that form, Dr. Collins checked the "no" box beside the following question:  "Based on this individual's current medical condition, do you believe s/he is mentally and physically able to work?"  Dr. Collins described the "medical condition that prevents this person from being able to work" as "service connected low back pain."[1]  Dr. Collins did not complete the sections of the form asking for the date of onset of claimant's condition and for the doctor's opinion about whether the medical condition is permanent.[2]

The ALJ assigned only little weight to Dr. Collins' assessment, reasoning as follows:

> Records show Dr. Collins examined the claimant at least twice for the VA, once in April 2007 and then again in November 2007.  In April 2007 the claimant told Dr. Collins that at times medications helped "magnificently"; neither then or at any other time were any adverse side effects of medication noted . . . .   The undersigned notes that muscle relaxers and pain medication have been prescribed on an "as needed" basis only and the claimant failed to report any side effects of medications in either his initial disability report or the disability report filed on appeal . . . .   When the claimant returned in November 2007 to have the food stamp form filled out, he weighed 249 pounds, but his blood pressure was only 137/88 and his reported pain level was again "0."  Examination of the back and extremities was normal, neurological examination was normal, and sensation/motor was normal.  Although the claimant's diabetes was not doing as well then as previously . . . this was attributed to the claimant not being compliant with diet and it was improved by February 2008, as shown by the glucose levels . . . .   Therefore, Dr. Collins' opinion of disability is contradicted by his own

---

[1]Based upon the record, the court concludes the phrase "service connected" is a reference to military service.

[2]Tr. at 135.

treatment notes.[3]

The court concludes that the ALJ more than adequately articulated his basis for rejecting Dr. Collins' opinion, and that the ALJ's decision that Dr. Collins' opinion of claimant's total disability was inconsistent with his own treatment notes was supported by substantial evidence of record.  Accordingly, the ALJ had good cause for assigning only little weight to Dr. Collins' opinion.

## B.    Pain and Credibility

Claimant also argues that the ALJ improperly considered his subjective complaints of pain and improperly found him to be less than fully credible.  To demonstrate that pain renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)).  If an ALJ discredits subjective testimony on

---

[3]Tr. at 15.

pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ found that claimant suffered from a combination of severe impairments, including diabetes mellitus, hypertension, obesity, and a bulging lumbar disc.[4]  He further found that claimant's medically determinable impairments could reasonably be expected to produce the disabling symptoms claimant alleged, but he nonetheless concluded that claimant's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with a residual functional capacity to perform a limited range of light work.[5]  Specifically, the ALJ explained that claimant's complaints were not supported by the medical evidence of record, including the clinical findings of treating and examining physicians, the results of objective medical tests, and the medications prescribed.  The court finds that the ALJ adequately and explicitly articulated reasons for rejecting claimant's complaints of disabling pain, and that his conclusions were supported by the evidence of record.

The court further finds that the ALJ properly considered the extent of claimant's daily activities in evaluating claimant's credibility.  The ALJ found

---

[4]Tr. at 12.

[5]Tr. at 14.

claimant's complaints (and the consultative examiner's assessment) of sufficiently significant impairment in the upper body to prevent all overhead lifting to not be credible. To support that finding, the ALJ noted that, during the course of the administrative process, claimant inconsistently reported both being unable to use his arms and hands to control a car, and also regularly driving his girlfriend's children to school. He also stated that claimant filled out his own Daily Activities Form and was able to wash clothes. Claimant is correct in pointing out that his ability to perform these limited tasks would not be enough, standing alone, to demonstrate that he is able to perform consistent, full-time work activity. *See Lewis v. Callahan,* 125 F. 3d 1436, 1441 (11th Cir. 1997). The ALJ did not make any such determination, however. The ALJ only considered claimant's limited daily activities to the extent they were inconsistent with a finding of inability to perform movements with his upper body. In other words, the ALJ's evaluation of claimant's daily activities was a part of his credibility determination, not the foundation of his ultimate finding of no disability. Furthermore, claimant alleges disability based upon *back pain,* not upon an inability reach overhead or perform other movements with his upper body. Accordingly, even if the ALJ had erred in evaluating claimant's daily activities in relation to his ability to perform movements with his arms, the error would have been harmless.

C.      **Additional Evidence and Remand**

Claimant also contends that the Appeals Council erred in failing to remand the case despite the receipt, after the ALJ's decision already had been issued, of evidence allegedly indicating a disabling mental impairment.  Claimant submitted evidence to the Appeals Council from the Department of Veterans' Affairs, indicating that he visited the Mental Health Shoals Clinic on May 28, 2008, three weeks after the ALJ issued his administrative decision.  During claimant's intake consultation with the Mental Health Clinic, he reported difficulty sleeping, decreased interest in normal hobbies, decreased energy, impaired concentration, impaired immediate memory, depressed mood, high anxiety, hearing noises that aren't really there, decreased interest, feelings of detachment, sense of a foreshortened future, low self-esteem, poor concentration, and feelings of hopelessness.  He informed the intake consultant that his problems began in 1990.  Claimant was diagnosed with depression, and it was noted that he experienced "moderate current and ongoing psychosocial stressors." He was assessed with a GAF score of 45, indicating serious symptoms. It was recommended that claimant see a therapist monthly and join a weekly support group for people with depression.[6]

The Appeals Council received these records from the Mental Health Center and

---

[6]Tr. at 245-47.

made them part of the record for review on appeal,[7] but the Appeals Council nonetheless denied claimant's request for review.[8]  Because the Mental Health Center records were submitted for the first time to the Appeals Council, the court must consider whether remand is warranted under "sentence four" of 42 U.S.C. § 405(g), not "sentence six" of that statute.  As the Eleventh Circuit has stated:

> "Section 405(g) [of the Social Security Act] permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands.'"  *Ingram,* 496 F.3d at 1261.  A sentence four remand, as opposed to a sentence six remand, is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record."  *Ingram,* 496 F.3d at 1269.  Under a sentence four remand, when a claimant has submitted evidence for the first time to the AC, the claimant is not required to show good cause.  *See Melkonyan v. Sullivan,* 501 U.S. 89, 99-100, 111 S. Ct. 2157, 2164, 115 L. Ed. 2d 78 (1991) (recognizing "Congress' explicit delineation in § 405(g)" between sentence four and sentence six remands and noting that a court may remand under sentence six "only if the claimant shows good cause for failing to present the evidence earlier"); *see also Ingram,* 496 F.3d at 1258 (recognizing that we have previously "mistakenly stated that evidence first presented to the Appeals Council could be considered by the court only if the applicant had good cause for not presenting it earlier to the administrative law judge.").

*Smith v. Astrue,* 272 Fed. Appx. 789, 802 (11th Cir. 2008) (bracketed alterations and ellipses in original).  Thus,

> [w]hen a claimant submits new evidence to the AC, the district court

---

[7]Tr. at 5.

[8]Tr. at 2.

must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram,* 496 F.3d at 1262. Remand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith,* 272 Fed. Appx. at 802.

Claimant argues that the new evidence from the Mental Health Center warranted remand because it contradicts the ALJ's finding that claimant did not experience a medically determinable mental impairment.[9] He also argues that the new evidence relates back to the time of ALJ's decision because it was issued only three weeks after that decision.

The court is not persuaded by claimant's arguments and concludes, instead, that the Commissioner's decision was supported by substantial evidence based upon the record as a whole, even in light of the May 28, 2008 assessment from the Mental Health Center. While that assessment does reflect a diagnosis of depression based upon claimant's subjective complaints, there is no evidence that claimant's depression actually would prevent him from performing work-related activities. Furthermore, while the assessment took place only three weeks after the ALJ's decision, there is no evidence that claimant experienced any disabling limitations that lasted or could

---

[9]*See* Tr. at 13.

9

be expected to last for a continuous twelve-month period. Indeed, the medical evidence of record prior to the ALJ's administrative decision reflects no complaints of or treatment for mental disorders, despite the fact that such treatment was available through the Veterans' Administration. Thus, even after considering the May 28, 2008 evidence from the Mental Health Center, the court concludes that the Commissioner's decision to deny benefits was supported by substantial evidence based upon the record as a whole. Remand is not warranted for further consideration of the May 28, 2008 records from the Mental Health Center.

## D.     Conclusion and Order

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 29th day of June, 2010.

United States District Judge